ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
REEMA M. EL-AMAMY (California State Bar Number 237743)
Assistant United States Attorney
Violent and Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-0552
    Facsimile:  (213) 894-3713
    E-mail: reema.el-amamy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 11-492-GAF-4 |
| | ) | |
| Plaintiff, | ) | PLEA AGREEMENT FOR DEFENDANT |
| | ) | LOUIS MARTINEZ |
| v. | ) | |
| | ) | |
| SANTIAGO RIOS, et al., - | ) | |
| #4) LOUIS MARTINEZ | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    1.  This constitutes the plea agreement between LOUIS

MARTINEZ ("defendant") and the United States Attorney's Office

for the Central District of California ("the USAO") in the above-

captioned case.  This agreement is limited to the USAO and cannot

bind any other federal, state, local, or foreign prosecuting,

enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2.   Defendant agrees to:

a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in <u>United States v. Santiago Rios, et al.</u>, CR No. 11-492-GAF, which charges defendant with Racketeer Influenced and Corrupt Organizations Conspiracy in violation of Title 18, United States Code, Section 1962(d).

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

//

//

2

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

        a) Not contest facts agreed to in this agreement.

        b) Abide by all agreements regarding sentencing contained in this agreement.

        c) At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

        d) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

        e) To recommend that any term of imprisonment imposed in this case should run concurrently to the undischarged terms of imprisonment in People of the State of California v. Martinez, Los Angeles County Superior Court Case No. KA091428.

        f) Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of 18 U.S.C. § 1959: Violent Crime in Aid of Racketeering, and 18 U.S.C. § 113: Assault arising out of conduct that defendant Martinez engaged in when he attacked a co-defendant.  Defendant

3

1  understands that the USAO is free to criminally prosecute

2  defendant for any other unlawful past conduct or any unlawful

3  conduct that occurs after the date of this agreement.  Defendant

4  agrees that at the time of sentencing the Court may consider the

5  uncharged conduct in determining the applicable Sentencing

6  Guidelines range, the propriety and extent of any departure from

7  that range, and the sentence to be imposed after consideration of

8  the Sentencing Guidelines and all other relevant factors under 18

9  U.S.C. § 3553(a).

10                    NATURE OF THE OFFENSE

11      4.  Defendant understands that for defendant to be guilty of

12  the crime charged in count one of the indictment, that is,

13  Racketeer Influenced and Corrupt Organizations Conspiracy in

14  violation of Title 18, United States Code, Section 1962(d), the

15  following must be true: (1) the enterprise alleged in count one

16  of the indictment existed; (2) the enterprise engaged in, or its

17  activities affected interstate or foreign commerce; (3) defendant

18  was employed by or associated with the enterprise; and (4)

19  defendant knowingly and intentionally entered into an agreement

20  to conduct, or participate in the conduct of, the affairs of the

21  enterprise through a pattern of racketeering activity, that is,

22  the defendant agreed that at some time during the life of the

23  conspiracy he or some other member or members of the conspiracy

24  would commit, on behalf of the conspiracy, at least two related

25  acts of racketeering.

26      An "enterprise" includes any individual, partnership,

27  corporation, association, or other legal entity, and any union or

28  group of individuals associated in fact although not a legal

4

1  entity.  "Racketeering activity" includes any act or threat
2  involving murder, kidnaping, robbery, extortion, or dealing in a
3  controlled substance, which is chargeable under state law and
4  punishable by imprisonment for more than one year.
5       A "pattern of racketeering activity" is at least two
6  racketeering acts within ten years of each other that have a
7  relationship to each other plus a threat of continuity.  Conduct
8  forms a pattern if it consists of criminal acts that have the
9  same or similar purposes, results, participants, victims, or
10 methods of commission, or otherwise are interrelated by
11 distinguishing characteristics and are not isolated.

PENALTIES

13      5.  The statutory maximum sentence that the Court can impose
14 for a violation of Title 18, United States Code, Section 1962(d)
15 is: 20 years imprisonment; a 3-year period of supervised release;
16 a fine of $250,000; and a mandatory special assessment of $100.
17      6.  Defendant understands that supervised release is a
18 period of time following imprisonment during which defendant will
19 be subject to various restrictions and requirements.  Defendant
20 understands that if defendant violates one or more of the
21 conditions of any supervised release imposed, defendant may be
22 returned to prison for all or part of the term of supervised
23 release authorized by statute for the offense that resulted in
24 the term of supervised release, which could result in defendant
25 serving a total term of imprisonment greater than the statutory
26 maximum stated above.
27      7.  Defendant understands that, by pleading guilty,
28 defendant may be giving up valuable government benefits and

5

1  valuable civic rights, such as the right to vote, the right to

2  possess a firearm, the right to hold office, and the right to

3  serve on a jury.  Defendant understands that once the court

4  accepts defendant's guilty plea, it will be a federal felony for

5  defendant to possess a firearm or ammunition.  Defendant

6  understands that the conviction in this case may also subject

7  defendant to various other collateral consequences, including but

8  not limited to revocation of probation, parole, or supervised

9  release in another case and suspension or revocation of a

10  professional license.  Defendant understands that unanticipated

11  collateral consequences will not serve as grounds to withdraw

12  defendant's guilty plea.

13      8.    Defendant understands that, if defendant is not a

14  United States citizen, the felony conviction in this case may

15  subject defendant to: removal, also known as deportation, which

16  may, under some circumstances, be mandatory; denial of

17  citizenship; and denial of admission to the United States in the

18  future.  The court cannot, and defendant's attorney also may not

19  be able to, advise defendant fully regarding the immigration

20  consequences of the felony conviction in this case.  Defendant

21  understands that unexpected immigration consequences will not

22  serve as grounds to withdraw defendant's guilty plea.

23                              FACTUAL BASIS

24      9.    Defendant admits that defendant is, in fact, guilty of

25  the offense to which defendant is agreeing to plead guilty.

26  Defendant and the USAO agree to the statement of facts provided

27  below and agree that this statement of facts is sufficient to

28  support a plea of guilty to the charge described in this

6

1   agreement and to establish the Sentencing Guidelines factors set
2   forth in paragraph 11 below but is not meant to be a complete
3   recitation of all facts relevant to the underlying criminal
4   conduct or all facts known to either party that relate to that
5   conduct.

6        Defendant Louis Martinez is a member of the Varrio Azusa 13
7   criminal street gang ("Azusa 13 gang"), which is a criminal
8   enterprise.  The Azusa 13 gang is a multi-generational street
9   gang which claims as its "territory" the entire City of Azusa.
10  In order to maintain control over its territory, members of the
11  gang possessed firearms and other weapons, and were prepared to
12  engage in, and, in fact, did engage in violent crimes against
13  members of rival gangs as well as African-Americans who resided
14  in the City of Azusa.

15       As part of his membership with the Azusa 13 gang, defendant
16  Martinez agreed with members of the criminal enterprise that he
17  would conduct and participate in the offenses of the criminal
18  enterprise, including narcotics distribution, as part of a
19  pattern of racketeering activity.  Defendant Martinez admits
20  that, as part of his role as a member of the Azusa 13 gang,
21  defendant Martinez conspired to distribute and, in fact,
22  distributed narcotics in the City of Azusa.  In furtherance of
23  this conspiracy, on March 18, 2010, defendant Martinez possessed
24  approximately 9.7 grams of heroin and approximately 28.5 grams of
25  actual methamphetamine which Martinez intended to distribute to
26  narcotics customers in the City of Azusa, and a "pay-owe" sheet
27  in order to keep track of Martinez' narcotics sales.

28

1    Defendant Martinez agrees that his participation in the

2  Azusa 13 gang's conspiracy to distribute controlled substances

3  was related to his role as a member of the criminal enterprise.

4  Defendant knew that the conspiracy involved the distribution of

5  at 20 grams of actual methamphetamine, and at least 100 grams of

6  heroin.  Defendant Martinez agrees that the drug trafficking and

7  other crimes of the criminal enterprise are offenses which have

8  an effect on interstate commerce.

9                          SENTENCING FACTORS

10    10.  Defendant understands that in determining defendant's

11  sentence the Court is required to calculate the applicable

12  Sentencing Guidelines range and to consider that range, possible

13  departures under the Sentencing Guidelines, and the other

14  sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant

15  understands that the Sentencing Guidelines are advisory only,

16  that defendant cannot have any expectation of receiving a

17  sentence within the calculated Sentencing Guidelines range, and

18  that after considering the Sentencing Guidelines and the other

19  § 3553(a) factors, the Court will be free to exercise its

20  discretion to impose any sentence it finds appropriate up to the

21  maximum set by statute for the crime of conviction.

22    11.  Defendant and the USAO agree to the following

23  applicable Sentencing Guidelines factors:

24  **Narcotics**

25  Base Offense Level    :   28   U.S.S.G. §§ 2E1.1(a)(2),
                                        2D1.1(c)(6)
26

27  Defendant and the USAO reserve the right to argue that additional

28  specific offense characteristics, adjustments, and departures

1  under the Sentencing Guidelines are appropriate.  Defendant

2  understands that defendant's offense level could be increased if

3  defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.

4  If defendant's offense level is so altered, defendant and the

5  USAO will not be bound by the agreement to Sentencing Guideline

6  factors set forth above.

7      12.  Defendant understands that there is no agreement as to

8  defendant's criminal history or criminal history category.

9      13.  Defendant and the USAO reserve the right to argue for a

10  sentence outside the sentencing range established by the

11  Sentencing Guidelines based on the factors set forth in 18 U.S.C.

12  § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

13  <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

14      14.  Defendant understands that by pleading guilty,

15  defendant gives up the following rights:

16      a) The right to persist in a plea of not guilty.

17      b) The right to a speedy and public trial by jury.

18      c) The right to be represented by counsel – and if

19  necessary have the court appoint counsel - at trial.  Defendant

20  understands, however, that, defendant retains the right to be

21  represented by counsel – and if necessary have the court appoint

22  counsel – at every other stage of the proceeding.

23      d) The right to be presumed innocent and to have the

24  burden of proof placed on the government to prove defendant

25  guilty beyond a reasonable doubt.

26      e) The right to confront and cross-examine witnesses

27  against defendant.

28

f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

15. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

<u>LIMITED WAIVER OF APPEAL OF SENTENCE</u>

16. Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 30 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence, (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the standard conditions set forth in General Orders 318,

01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

17. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

18. This agreement does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

19. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any allegation of a prior conviction for a felony drug offense that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to an

1   such action, except to the extent that such defenses existed as

2   of the date of defendant's signing this agreement.

3   <u>EFFECTIVE DATE OF AGREEMENT</u>

4       20.   This agreement is effective upon signature and

5   execution of all required certifications by defendant,

6   defendant's counsel, and an Assistant United States Attorney.

7   <u>BREACH OF AGREEMENT</u>

8       21.   Defendant agrees that if defendant, at any time after

9   the signature of this agreement and execution of all required

10  certifications by defendant, defendant's counsel, and an

11  Assistant United States Attorney, knowingly violates or fails to

12  perform any of defendant's obligations under this agreement ("a

13  breach"), the USAO may declare this agreement breached.  All of

14  defendant's obligations are material, a single breach of this

15  agreement is sufficient for the USAO to declare a breach, and

16  defendant shall not be deemed to have cured a breach without the

17  express agreement of the USAO in writing.  If the USAO declares

18  this agreement breached, and the Court finds such a breach to

19  have occurred, then: (a) if defendant has previously entered a

20  guilty plea pursuant to this agreement, defendant will not be

21  able to withdraw the guilty plea, and (b) the USAO will be

22  relieved of all its obligations under this agreement.

23      22.   Following the Court's finding of a knowing breach of

24  this agreement by defendant, should the USAO choose to pursue any

25  charge or any allegation of a prior conviction for a felony drug

26  offense that was either dismissed or not filed as a result of

27  this agreement, then:

28

1    a) Defendant agrees that any applicable statute of
2 limitations is tolled between the date of defendant's signing of
3 this agreement and the filing commencing any such action.

4    b) Defendant waives and gives up all defenses based on
5 the statute of limitations, any claim of pre-indictment delay, or
6 any speedy trial claim with respect to any such action, except to
7 the extent that such defenses existed as of the date of
8 defendant's signing this agreement.

9    c) Defendant agrees that: (i) any statements made by
10 defendant, under oath, at the guilty plea hearing (if such a
11 hearing occurred prior to the breach); (ii) the agreed to factual
12 basis statement in this agreement; and (iii) any evidence derived
13 from such statements, shall be admissible against defendant in
14 any such action against defendant, and defendant waives and gives
15 up any claim under the United States Constitution, any statute,
16 Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the
17 Federal Rules of Criminal Procedure, or any other federal rule,
18 that the statements or any evidence derived from the statements
19 should be suppressed or are inadmissible.

20               COURT AND PROBATION OFFICE NOT PARTIES

21    23.  Defendant understands that the Court and the United
22 States Probation Office are not parties to this agreement and
23 need not accept any of the USAO's sentencing recommendations or
24 the parties' agreements to facts or sentencing factors.

25    24.  Defendant understands that both defendant and the USAO
26 are free to: (a) supplement the facts by supplying relevant
27 information to the United States Probation Office and the Court,
28 (b) correct any and all factual misstatements relating to the

13

1   Court's Sentencing Guidelines calculations and determination of

2   sentence, and (c) argue on appeal and collateral review that the

3   Court's Sentencing Guidelines calculations and the sentence it

4   chooses to impose are not error, although each party agrees to

5   maintain its view that the calculations in paragraph 11 are

6   consistent with the facts of this case.  While this paragraph

7   permits both the USAO and defendant to submit full and complete

8   factual information to the United States Probation Office and the

9   Court, even if that factual information may be viewed as

10   inconsistent with the facts agreed to in this agreement, this

11   paragraph does not affect defendant's and the USAO's obligations

12   not to contest the facts agreed to in this agreement.

13       25.  Defendant understands that even if the Court ignores

14   any sentencing recommendation, finds facts or reaches conclusions

15   different from those agreed to, and/or imposes any sentence up to

16   the maximum established by statute, defendant cannot, for that

17   reason, withdraw defendant's guilty plea, and defendant will

18   remain bound to fulfill all defendant's obligations under this

19   agreement.  Defendant understands that no one -- not the

20   prosecutor, defendant's attorney, or the Court -- can make a

21   binding prediction or promise regarding the sentence defendant

22   will receive, except that it will be within the statutory

23   maximum.

24                 <u>NO ADDITIONAL AGREEMENTS</u>

25       26.  Defendant understands that, except as set forth herein,

26   there are no promises, understandings, or agreements between the

27   USAO and defendant or defendant's attorney, and that no

28   additional promise, understanding, or agreement may be entered

1 | into unless in a writing signed by all parties or on the record
2 | in court.

3 | PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

4 | 27. The parties agree that this agreement will be

5 | considered part of the record of defendant's guilty plea hearing

6 | as if the entire agreement had been read into the record of the

7 | proceeding.

8 | AGREED AND ACCEPTED

9 | UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

10 |

ANDRÉ BIROTTE JR.
11 | United States Attorney

12 |

13 | REEMA M. EL-AMAMY                               6/15/12
Assistant United States Attorney              Date

14 |

15 |

LOUIS MARTINEZ                                  6/14/12
16 | Defendant                                      Date

17 |

MARCIA BREWER                                   6/14/12
18 | Attorney for Defendant                         Date
LOUIS MARTINEZ
19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

LOUIS MARTINEZ
Defendant

6/14/12
Date

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am LOUIS MARTINEZ' attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____                    6/14/12
MARCIA BREWER                                Date
Attorney for Defendant
LOUIS MARTINEZ